AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Plaintiff, *v.* HARRY TRENCHER FURS, INC., et al., Defendants.

Supreme Court, Trial Term, New York County, July 1, 1952.

*Rein, Mound & Cotton* for plaintiff.

*Tell, Cheser, Werner & Breitbart* for Harry Trencher Furs, Inc., defendant.

*Carter, Ledyard & Milburn* for United Parcel Service of New York, Inc., defendant.

Di Falco, J. On May 2, 1947, plaintiff's subrogor, Sadie Winkaw, purchased a new mink coat from defendant Harry Trencher Furs, Inc., for $4,500. This coat was left with Trencher for the summer and was delivered to Mrs. Winkaw in Paterson, New Jersey, some time in November, 1947. On December 2, 1947, Mrs. Winkaw brought the coat back to Trencher's shop in New York City for the purpose of having an alteration made on a sleeve of the coat and left it there. A receipt was then given to her containing the statement '' Valuation $50.00 ''. At this time Mrs. Winkaw had insurance coverage on the coat with plaintiff in the sum of $5,500. After the alteration was completed, the coat was placed in a box by Trencher and picked up by defendant United Parcel Service of New York, Inc., (United) for delivery to Mrs. Winkaw's home in Paterson, New Jersey. The coat was never delivered to Mrs. Winkaw. The plaintiff paid $5,500 under its policy of

insurance and now sues for such amount as subrogee of her claim.

United was handling Trencher's deliveries under a contract which provided for a charge of thirty-five cents per package and contained a provision whereby Trencher agreed to hold United harmless for any loss over $25 " irrespective of the cause of such loss including the negligence of the Delivery Company ".

Trencher was not a gratuitous bailee, even though no charge was to be made for the alteration; this service was part of the original contract of purchase. Trencher's duty was to return the coat to Mrs. Winkaw and it was not fulfilled when Trencher turned over the coat to United, which concededly is not a common carrier. I hold that United was acting as the agent of Trencher and not as the agent of Mrs. Winkaw.

I find that the loss of the coat was caused by the negligence of United. I do not accept the statements by deposition of United's driver, Thomas Miller, to the effect that he left the package in Mrs. Winkaw's garage and that she had previously told him the garage would be left open. The evidence, however, is insufficient to sustain a finding of misdelivery or conversion on the part of United.

Trencher asserts as a third affirmative defense that the contract of bailment, entered into on December 2, 1947, included an agreement that its liability was to be limited to $50. I have decided that the loss herein was caused by the negligence of Trencher's agent and hence to apply this limitation it must be shown that Mrs. Winkaw intended to exculpate Trencher for negligence. The evidence presented does not warrant such a conclusion. In *Howard* v. *Handler Bros. & Winell* (279 App. Div. 72, affd. 303 N. Y. 990) it is stated (pp. 75–76): " The law does not look with favor upon attempts to avoid liability for one's own fault, and although it is permissible in instances to contract one's self out of liability for negligence, such a result is not to be countenanced unless it is absolutely clear that such was the understanding."

Under the terms of the contract between Trencher and United it was agreed that, no matter what the cause of the loss, including United's negligence, United was to bear any loss up to $25 and Trencher was to bear the remainder. It follows, therefore, that United is primarily liable for the first $25 of the damage and secondarily liable for the balance, and Trencher is primarily liable for all in excess of $25 and secondarily liable for $25.

I find that the value of the coat at the time of loss was $4,500 and that plaintiff is entitled to judgment for such sum.

Settle judgment accordingly. The findings of fact and conclusions of law having been waived, this constitutes the opinion of the court pursuant to section 440 of the Civil Practice Act.